UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA ROBERTSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RON BRUCKERT,<br><br>　　　　　Defendant. | Case No. 19-cv-01918-SI<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND**<br><br>Re: Dkt. No. 77 |

Plaintiff Joshua Robertson moved for leave to file a First Amended Complaint on September 23, 2021. Dkt. No. 77. The parties having fully briefed the motion, and pursuant to Civil Local Rule 7-1(b), the Court found this matter appropriate for resolution without oral argument and vacated the hearing set for October 28, 2021. Dkt. No. 87. The Court now GRANTS plaintiff's motion.

**BACKGROUND**

This case arises from Concord Police Officer Ron Bruckert's shooting of plaintiff Joshua Robertson on March 10, 2018. Dkt. No. 1 ¶ 1 (Complaint).  At the time of the shooting, plaintiff had an outstanding warrant for his arrest. *Id*. When police officers attempted to conduct a traffic stop to apprehend plaintiff, plaintiff fled, and Officer Bruckert shot him in the back—resulting in catastrophic injuries. *Id*. ¶ 2. Police successfully charged plaintiff with obstructing a police officer.

In the initial complaint, filed April 9, 2019, plaintiff named as defendants Officer Bruckert, the City of Concord, and various Doe Defendants. See Dkt. No. 1. ¶ 22-37. The second cause of action alleged a 42 U.S.C. § 1983 *Monell* claim against the City. *Id*. ¶ 25-30. On July 12, 2019, the parties stipulated to the voluntarily dismissal without prejudice of the *Monell* claim against the City and of the City as a party. Dkt. No. 13. Based on said stipulation, the Court dismissed the City and the *Monell* claim without prejudice.  Dkt. No. 14.  Based on newly obtained information from an internal-affairs investigation produced by defendant on July 1, 2021, plaintiff now seeks leave to

file a First Amended Complaint ("FAC") in which he will re-add the *Monell* claim against the City. Dkt. No. 83 at 16 (Plaintiff's Reply); Dkt. No. 77-2 ¶ 18 (Plaintiff Counsel Affidavit).

The FAC's overarching *Monell* theory alleges (1) plaintiff's injuries were attributable to an unconstitutional policy or custom of the City of Concord's Police Department, which the City "directed, encouraged, allowed, or ratified," and (2) the specific actions that caused plaintiff's injury (i.e., Officer Bruckert's conduct) were ratified by the City of Concord or a City official with final policy-making authority pursuant to an internal affairs investigation. Dkt. No. 77-4 ¶ 26-32.

The FAC alleges the following customs or policies as the potential "moving force" behind plaintiff's injury: (a) the use of excessive or unjustified force, including the use of deadly force as a first resort or against fleeing persons, (b) a custom of tolerating unreasonable seizures, (c) a failure to train on the proper use of force, (d) tolerating and perpetuating a policy of "hurt a person—charge a person," wherein an officer charges a person with a crime after committing a wrongful seizure, (e) "cover[ing]-up" constitutional violations through inadequate investigations or disciplinary measures, (f) tolerating and encouraging a "code of silence" around officer misconduct, (g) having inadequate procedures to investigate complaints, (h) failure to train officers in constitutionally complaint conduct, customs, and procedures. *Id*. ¶ 26. Plaintiff also alleges deliberate indifference in the failure-to-train allegation. *Id*. ¶ 26-27.

To substantiate the claim that the City was aware of and ratified the foregoing customs or policies, *Id*. ¶ 28, 30, plaintiff directs the Court's attention to five prior federal civil rights lawsuits against the City in which Concord police officers were alleged to have used excessive force to seize suspects, resulting in death or serious injury. *Id*. ¶ 30. One of these cases, *Moreno v. City of Concord*, alleged that police shot an unarmed fleeing suspect in the back with a taser. 2011 WL 9350328, No. 11-cv-05497 (N.D. Cal. Nov. 14, 2011). Plaintiff alleges that in each of these five cases, the internal affairs investigators, under the leadership of Police Chief Swanger (who served as chief from 2011 onwards), exonerated the accused officers. *Id*. An internal affairs investigation also exonerated Officer Bruckert of any wrongdoing in plaintiff's case. *Id*. ¶ 28.

Based on the foregoing, the FAC alleges that the City was on notice of a policy, custom, or practice whose inadequacies "were so obvious and likely to result in the violations of person's

1  rights." *Id.* ¶ 31.  The repeated exoneration of officers by the police department's internal affairs
2  investigators, according to the FAC, indicates that the City "specifically found that the force
3  occurred, but that the force was either permitted by the CPD, or was not prohibited by the CPD,
4  and/or was appropriate under the circumstances." *Id*.  Finally, the FAC alleges that Police Chief
5  Swanger "expressly ratified" the internal affairs investigation's finding that Officer Bruckert acted
6  properly, and in so doing, showed "affirmative agreement" with Officer Bruckert's actions. *Id.* ¶ 28.

**LEGAL STANDARD**

Rule 15(a)(2) instructs the Court to "freely" grant a motion to amend pleadings unless (1) doing so would prejudice the opposing party; (2) the amendment is sought in bad faith; (3) the amendment causes undue delay; or (4) the proposed amendment would add a futile claim. *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).  The opposing party bears the burden to show why leave to amend should not be granted. *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530 (N.D. Cal. 1989).  Based on the parties' submissions, resolution of this case primarily turns on considerations of prejudice and futility.

**DISCUSSION**

**A. Prejudice**

"Prejudice to the opposing party is the most important factor" under Rule 15(a). *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990).  To overcome Rule 15(a)'s liberal policy favoring leave, the prejudice to the opposing party must be "substantial." *Genentech,* 127 F.R.D. at 530-31.  For example, a need to "reopen discovery and therefore delay the proceeding" may suffice to establish prejudice. *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999).  Further, the addition of an "independent claim" that catches the opposing party off guard after dispositive motions have been filed may also suffice to establish prejudice *even if* "it is not clear that additional discovery would be required." *Del Valle v. County of Sonoma,* No. 17-cv-03611, 2019 WL 10733250 at *6 (N.D. Cal. Feb. 2, 2019), *rev'd on other grounds*, 790 Fed. Appx. 868 (9th Cir. 2020).  But when discovery is ongoing and there is no unfair surprise, *Dong Ah Tire*

3

holds that "neither delay resulting from the proposed amendment nor the prospect of additional discovery needed by the non-moving party in itself constitutes a sufficient showing of prejudice." *Dong Ah Tire & Rubber Co., Ltd. v. Glasforms, Inc.*, No. C 06–3359, 2009 WL 667171 at *2 (N.D. Cal. Mar. 10, 2009).

Here, defendant Officer Bruckert claims that granting leave to amend will cause him prejudice "in the form of delay…to seek vindication for this meritless case in light of the lawful shooting." Dkt. No. 80 (Defendant's Opposition). But as *Dong Ah Tire* makes clear, mere delay while discovery is ongoing, without more, does not meet the standard for substantial prejudice. The remainder of the defendant's claims of prejudice relate to the supposed hardships that the *City* will face if added as a party. For example, the defendant states that the City will need to incur attorney's fees and conduct discovery "at great expense." The defendant claims that the prejudice is "compounded" by the fact that the City will need to inquire into the "vague incidents" cited in the amended complaint (i.e., the five incidents that led to civil rights lawsuits).

Generally, Rule 15(a) focuses on the prejudice to the opposing *party*. But even if the interests of a non-party were relevant for the Rule 15(a)(2) inquiry, we find the defendant's claim of prejudice to the City unpersuasive. Although the close of fact discovery is quickly approaching, the Court may exercise its discretion to continue deadlines if such a need becomes apparent. Notably, the City would need to look no further than its *own* records for the discovery that it claims it would need to conduct. Presumably, the City is in the best position to discover facts related to prior complaints against its own police department. Finally, the City would not be caught by surprise if leave were granted, as it was previously named as a co-defendant based on *Monell* liability just two years ago. The parties' prior stipulation to dismiss the *Monell* claim without prejudice left open the possibility that the City would be added at a later time. Accordingly, the Court finds that defendant fails to establish substantial prejudice.

**B. Futility**

To establish futility, the Court must be satisfied that "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller*

4

*v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). The party opposing leave to amend "bear[s] a particularly heavy burden" identical to the one governing 12(b)(6) motions. *Dong Ah Tire,* 2009 WL 667171 at *2. Even claims or defenses with a "tenuous basis in the record" or those "fraught with contradictions" will survive the futility inquiry. *Id*. The Ninth Circuit in *AE ex rel. Hernandez v. City of Tulare* articulated the rule governing the factual sufficiency of *Monell* claims:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

666 F.3d 631, 637 (9th Cir. 2012). The two-part test set forth in *AE ex rel. Hernandez* thus guides the Court's futility inquiry under Rule 15(a)(2).

In *Perryman v. City of Pittsburg*, No. 20-CV-03408-SI, 2021 WL 493396 (N.D. Cal. Feb. 10, 2021), this Court confronted a set of facts analogous to those pled in Robertson's FAC. In *Perryman*, a 12(b)(6) motion to dismiss a *Monell* claim was denied to the extent that it was based on a custom or policy, and granted to the extent it was based on ratification. *Id*. at *1. Like the complaint in *Perryman*, plaintiff's FAC sets forth allegedly unconstitutional customs and policies with specificity, including the "hurt a person – charge a person" practice and the custom of covering up constitutional violations or disregarding citizen complaints by failing to launch and maintain adequate investigations. *Perryman,* 2021 WL 493396 at *3. The FAC also presents five prior incidents where people were seriously "injured after encounters with [City] police officers," and also included "parenthetical information for each case detailing conduct similar to that complained of by the plaintiff." *Id*. at *3. Most importantly, the FAC "contains sufficient allegations of underlying facts to give fair notice and enables defendant to defend itself." *Id*. at *4. The FAC details Officer Bruckert's conduct with specificity, and also presents sufficient details on the five prior exemplary incidents of excessive force to enable the City to defend itself. Furthermore, the

5

existence of internal affairs investigations not only in plaintiff's case, but in the five prior incidents—each of which resulted in a federal complaint served on the City—undermines the defendant's claim that the FAC fails to give the City fair notice of the underlying facts. Finally, the defendant provides no "plausible alternative explanation" that would render implausible the plaintiff's theory that the City failed to take steps to correct is customs or policies despite being on notice of such customs or policies from prior lawsuits. *Id*. We thus find that the FAC does not present a futile *Monell* claim based on an allegedly unconstitutional custom or practice.

The Court further finds the FAC adequately pleads ratification. In *Perryman*, the ratification theory failed to meet the pleading standard because the complaint

> failed to plead facts as to *how* policymakers ratified police conduct. The FAC states that defendant's "authorized policymakers ... approved ... prior conduct" and thus "made a deliberate choice to endorse defendant [officers'] decisions and the basis for those decisions." These allegations are conclusory and lacking factual support of ratification.

*Id*. at *4. Unlike in *Perryman*, plaintiff's FAC alleges the specific pathway through which ratification occurred: and City's and Police Chief Swanger's ongoing assent to the internal affairs investigator's exoneration of officers in multiple cases over the past decade, including Officer Bruckert. While "mere failure to overrule a subordinate's actions, without more, is insufficient to support" a ratification theory, *Lytle v. Carl*, 382 F.3d 978, 987 (9th Cir. 2004), the FAC here alleges that (1) Chief Swanger showed "affirmative agreement" with Officer Bruckert's actions by expressly ratifying the internal affairs investigation, Dkt. No. 77-4 at ¶ 28, and (2) the City "specifically found" that officer's conduct in the various civil rights incidents was appropriate. *Id*. at ¶ 31. Treating plaintiff's factual allegations as true, as we would be required to do under Rule 12(b)(6), we cannot hold that the *Monell* allegations in the amended complaint would be futile.

///

**CONCLUSION**

Plaintiff's motion for leave to file an amended complaint is GRANTED. The proposed amended complaint shall be filed no later than October 29, 2021.

**IT IS SO ORDERED**.

Dated: October 27, 2021

_____
SUSAN ILLSTON
United States District Judge