UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA ROBERTSON,<br><br>   Plaintiff,<br><br>  v.<br><br>CITY OF CONCORD, a municipal corporation; RON BRUCKERT, individually and in his official capacity as Police Officer for the CITY OF CONCORD; and DOES 1-50, individually and in their official capacities as Police Officers for the CITY OF CONCORD, jointly and severally,<br><br>   Defendant. | Case No. 19-cv-01918-SI<br><br>**ORDER ON DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 95, 102, 105 |

  Before the Court are pending discovery disputes first presented in plaintiff's unilateral discovery letter brief filed on November 2, 2021. Dkt. No. 95. The Court directed defendants to file a response, which they did so on November 16, 2021. Dkt. No. 102. Plaintiff's reply followed on December 3, 2021. Dkt. No. 105. Having carefully considered the parties' submissions, the Court issues the following instructions:

  *First*, defendant is instructed to produce Concord Police Department Policies pertaining to "high-risk felony stops" or "fleeing felons," or, if such policies to not exist, defendant must submit a written verification under penalty of perjury that after a search, the City has no such policies.

  *Second*, defendant is instructed to produce, for *in camera* review, the 94 withheld pages from Officer Bruckert's personnel files, as described in Dkt. No. 95-2, Ex. B at 3-4. The Court orders such production by December 17, 2021.

  *Third*, defendant is instructed to produce internal affairs documents of the six Concord police

officers who witnessed the shooting or its immediate aftermath, insofar as those document bear on the credibility or dishonesty of those witness officers.  Generally, "personnel records of the officers who were at the scene of the incident but did not make arrests and are not named as defendants" are only discoverable if the plaintiff's need outweighs policy officer's privacy interests.  *DeArmand E. v. City of Antioch*, No. C 08-1709 SI, 2009 WL 1704686, at *3 (N.D. Cal. June 17, 2009).  However, internal affairs records are "different" from personnel records.  *Id*.  "The internal affairs histories and statements of any police officers on the scene are relevant, regardless of whether or not those officers are named parties to the action."  *Soto v. City of Concord*, 162 F.R.D. 603, 611 (N.D. Cal. 1995).  Such histories "may be relevant to the non-party officers' credibility."  *Hampton v. City of San Diego*, 147 F.R.D. 227, 229 (S.D. Cal. 1993).

Because the incident in this case was not captured on video, the Court agrees that internal affairs documents that bear on the veracity of police eyewitnesses are relevant and discoverable.  To the extent defendant has concerns that such production will permit plaintiff to reach "into the protected personnel records of non-party officers," Dkt. No. 102 at 4, the documents may be produced pursuant to the Stipulated Protective Order agreed upon by all parties and approved by the Court on March 25, 2021.  See Dkt. No. 61.

**IT IS SO ORDERED**.

Dated: December 13, 2021

_____
SUSAN ILLSTON
United States District Judge